989 F.2d 1202
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Hunter G. HICKS, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 92-5159.
 United States Court of Appeals, Federal Circuit.
 Feb. 5, 1993.
 
 Before MICHEL, Circuit Judge, SKELTON, Senior Circuit Judge, and LOURIE, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Hunter G. Hicks appeals from the June 12, 1992 decision of the United States Claims Court,[1] No. 705-88C, granting the government's cross-motion for summary judgment because plaintiff failed to meet his burden of showing that the Army Board for Correction of Military Records ("ABCMR" or "Board") unlawfully denied his application for the correction of military records or that his removal by the Army was contrary to any applicable statute or regulation. Finding no error in the Claims Court's decision, we affirm.
 
 DISCUSSION
 
 2
 In reviewing a grant of summary judgment, we are not bound by the Claims Court's ruling, but we must independently determine whether the standards for summary judgment have been met. Mingus Constructors, Inc. v. United States, 812 F.2d 1387, 1390 (Fed.Cir.1987). "Summary judgment is properly granted only where there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law." Id.; Fed.R.Civ.P. 56. The facts here are undisputed.
 
 
 3
 Mr. Hicks contends that the Claims Court erred because it incorrectly applied the arbitrary and capricious standard of review to the Board's decision. He argues that the Claims Court erred in deferring to the factual findings of the Board. According to Mr. Hicks, the Claims Court should have determined whether the Army violated his due process rights, by independently deciding: (1) the correctness of the procedure the Army employed in initially referring him to the alcohol rehabilitation program, and (2) the Army's characterization of his dismissal as being "medical" in nature, thereby avoiding a Flight Evaluation Board ("FEB") prior to his disqualification from flight duties. These are questions of law.
 
 
 4
 The Claims Court had to uphold the ABCMR's decision unless Mr. Hicks had shown by "cogent and clearly convincing evidence" that "[the Board's] determination was arbitrary, capricious, contrary to law, or unsupported by substantial evidence." Wronke v. Marsh, 787 F.2d 1569, 1576 (Fed.Cir.), cert. denied, 479 U.S. 853 (1986). This is an extremely limited scope of review, under which the Board's decision may not be disturbed as long as it can "articulate a rational connection between the facts found and the choice made." Bowman Transp., Inc. v. Arkansas-Best Freight Sys., Inc., 419 U.S. 281, 285-86 (1974). Even greater deference is required when the issue involves matters pertaining to the military and national defense. Voge v. United States, 844 F.2d 776, 779 (Fed.Cir.), cert. denied, 488 U.S. 941 (1988). The relative weight to be afforded to various portions of the evidence and the inferences that may be drawn therefrom are matters committed to the discretion of the fact finder, and a reviewing court may not substitute its judgment for that of the fact finder. Anderson v. Bessemer City, 470 U.S. 564, 573-81 (1985). The Claims Court, under this standard, determined that the Board's findings were supported by substantial evidence. The Claims Court's deference to the factual findings of the Board was not only proper but required, and on this record we do not find error with its conclusion.
 
 
 5
 The Claims Court properly reviewed the findings of the Board. The Board's finding that the procedures used to refer Mr. Hicks to the rehabilitation program were proper is supported by the fact that the "medical and [Army Alcohol and Drug Abuse Prevention and Control Program] officials clearly showed the need for his entrance into the program." Furthermore, the Board noted that Mr. Hicks' commanding officer approved of his enrollment in the program, in accordance with Army Regulation (AR) 600-85. The Board also noted that no prejudice resulted from his commander's failure to be present at his initial interview or to read him his rights as required by AR 600-85, p 3-8.
 
 
 6
 In addition, the Board's finding that Mr. Hicks' dismissal was properly characterized as "medical" was supported by Mr. Hicks' admission that he failed to respond to rehabilitation and because such classification decisions are within the discretion of the Army Aeromedical Center. Therefore, because an FEB is only required by AR 600-105 when disqualification is for non-medical reasons, the Board determined that failure to convene an FEB in Mr. Hicks' case did not violate due process.
 
 
 7
 We agree with the Claims Court that this amounts to substantial evidence.
 
 
 8
 We have considered Mr. Hicks' other arguments and find them to be without merit. Because Mr. Hicks has not shown that there is a material fact issue or that the action taken to discharge him was contrary to law or regulation, we affirm the judgment of the Claims Court.
 
 
 
 [1]
 The Claims Court was renamed the Court of Federal Claims on October 29, 1992. Federal Courts Administration Act of 1992, Pub.L. No. 102-572, § 902(a), 106 Stat. 4506, 4516 (1992)